9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 1 1 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-00-027 |
| MARISOL AGUIRRE,<br>Defendant. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Marisol Aguirre (Defendant) entered into a student loan agreement with the United States (Plaintiff). Defendant failed to repay the loan, and Plaintiff filed suit to collect the money owed it. Plaintiff now requests a default judgment against Defendant.

### STANDARD

When a party against whom a judgment for affirmative relief is sought has failed to plead or to otherwise defend, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a). The court may enter a default judgment, and the party entitled to such judgment shall apply to the court therefor. FED. R. CIV. P. 55(b)(2).

To succeed in an action against a borrower on a defaulted student loan, the government must show: (1) the borrower is the person who issued the note; (2) the government owns the note; and (3) the note is unpaid. *United States v. Durbin*, 64 F.Supp.2d 635, 636 (S.D. Tex. 1999). In addition to the unpaid amount, the lender may collect attorney's fees under state and federal law. *Id.* Federal law also allows reasonable administrative and collection costs. *Id.*

### ANALYSIS

Plaintiff submitted a certificate of indebtedness establishing that Defendant issued a promissory note to Plaintiff, Plaintiff owns the note, and that as of April 23, 1999, the note is

1

unpaid. *Compl.*, Exhibit A. Defendant was given proper service and has not filed an answer. *Summons in a Civil Case,* February 24, 2000. Plaintiff filed an entry of default with the clerk of this court. *Entry of Default,* July 10, 2000. As such, Plaintiff is entitled to collect the money owed it.

Plaintiff filed an affidavit in support of the amount of attorney's fees they claim. *Aff. of M.H. Cersonsky in Supp. Of Att'y's Fees* at 1. Thus, Plaintiff is entitled to collect attorney's fees.

Therefore, default judgment should be entered in favor of Plaintiff in the following Amounts:

| | | | |
|---|---|---|---:|
| 1. | Current Principal | $ | 2,107.33 |
| 2. | Current interest (capitalized and accrued) | $ | 1,654.07 |
| 3. | Administrative fees, costs, penalties | $ | 0.00 |
| 4. | Attorney's fees | $ | 550.00 |
| 5. | TOTAL Balance due | $ | 4311.40 |

## RECOMMENDATION

For reasons set forth above, Plaintiff's Motion for Default Judgment should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 10th day of August, 2000.

_____
Felix Recio
United States Magistrate Judge

2